COWART, Judge,
concurring specially.
This appeal was dismissed by Notice of Voluntary Dismissal filed on May 30, 1990 by the State of Florida as appellant under Florida Rule of Appellate Procedure 9.350(b). On June 18, 1990, the State filed *535 a Motion to Withdraw the Notice of Voluntary Dismissal and to Reinstate Appeal, implying that it had voluntarily dismissed its appeal in order to negotiate some plea agreement with the- defendant, and that such a plea agreement could not be reached. The defendant counters that a plea agreement was reached with a particular assistant state attorney.
Whether a plea agreement was or was not successfully negotiated between the parties after the appeal was dismissed is not determinative of the question. The State apparently assumes that if the court allows the State to withdraw its Notice of Voluntary Dismissal, the effect will be to reinstate the appeal and reinvest jurisdiction in this court. This assumption is not correct. Under the rule, the State’s act in filing the Notice of Voluntary Dismissal was effective to dismiss this appeal.[1] The notice was like opening the barn door and letting the horse out; obtaining court permission to close the barn door, or even closing the door, is not going to cause the horse to be back in the barn. Because by a notice of dismissal under Rule 9.350(b) an appellant or petitioner can divest an appellate court of jurisdiction which cannot be restored, the rule should only be used when the party is sure it understands and desires the consequences of a voluntary dismissal of a pending perfected appeal. A pending appeal does not prohibit the parties from negotiating any agreement that may result in termination of litigation concerning any issue on appeal or otherwise. Termination of a pending appeal is normally one aspect of the quid pro quo of any such settlement agreement. Dismissal by stipulation after settlement under Florida Rule of Appellate Procedure 9.350(a) is a much safer procedure.
The State’s Motion to Withdraw Notice of Voluntary Dismissal and to Reinstate Appeal should be denied for this reason.

. A voluntary dismissal of an appeal under Florida Rule of Appellate Procedure 9.350(b), like a voluntary dismissal of an action under Florida Rule of Civil Procedure 1.420(a)(1), is effective without an order of the court. This court entered an order on June 1, 1990, dismissing this appeal but this order served only a pro forma "housekeeping" purpose.